IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| AUSAR MAAT EL, | ) |
| Plaintiff, | ) No. 24-1563 |
| v. | ) Filed: November 21, 2024 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ausar Maat El, also known as Carlton Allen Martin, filed a pro se Complaint in this Court on September 5, 2024. A prototypical sovereign-citizen suit, Mr. Maat El's Complaint concerns birth certificates and other forms of identification. The caption lists nine different entities—state, federal, and private—as defendants, with Mr. Maat El claiming that each one owes him $100 million because they failed to recognize his alternative form of identification. Mr. Maat El also moves to proceed in forma pauperis ("IFP").

For the reasons set forth below, Mr. Maat El's Complaint is **DISMISSED** sua sponte under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of jurisdiction and, alternatively, in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) as the action is frivolous. Mr. Maat El's Motion to Proceed IFP ("IFP Application") is **DENIED**.

**I.   LEGAL STANDARDS**

**A.   Jurisdiction**

Pursuant to the Tucker Act, the subject-matter jurisdiction of this Court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or

any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Although a pro se plaintiff's pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted), he still must demonstrate this Court's jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see Allen v. United States*, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022). Judges of this Court have invoked RCFC 12(h)(3) when dismissing frivolous sovereign-citizen suits. *See Robinson v. United States*, No. 24-166, 2024 WL 4524743, at *7 (Fed. Cl. Sept. 17, 2024) (dismissing under RCFC 12(b)(1) and 12(h)(3) a frivolous sovereign-citizen suit for lack of jurisdiction and noting that it "is well-established that the Court of Federal Claims lacks jurisdiction over sovereign citizen claims"); *see also, e.g.*, *Walby v. United States*, 957 F.3d 1295, 1302–03 (Fed. Cir. 2020) (affirming Court of Federal Claims' sua sponte dismissal of "patently frivolous" suit brought by sovereign citizen asserting non-citizenship).

**B.     28 U.S.C. § 1915**

Where a plaintiff bringing a sovereign-citizen suit also seeks IFP status, courts have invoked 28 U.S.C. § 1915(e) as an additional, independent ground for dismissal. *See Double Lion*

*Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 423 (Fed. Cl. 2020).  Section 1915 "permits, but does not require, a court to allow a party to proceed without paying the requisite fees if 'the person is unable to pay such fees or give security therefor.'"[1] *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quoting 28 U.S.C. § 1915(a)(1)); *see Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015).  Receiving IFP status is a privilege, not a right, and the decision to grant such status is within the court's discretion.  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998); *see Nagy v. United States*, No. 23-0505C, 2023 WL 4677033, at *2 (Fed. Cl. July 20, 2023).  That privilege may be denied for reasons unrelated to the plaintiff's financial situation.  For example, "where [plaintiffs] have exhibited a history of frivolous or abusive filings," courts have an obligation to deny IFP status on the basis of vexatious litigation.  *Straw v. United States*, Nos. 2021-1600/2021-1602, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (collecting cases).  And this Court has held that "[t]he text of [§ 1915] requires that the court deny an *in forma pauperis* application if, in connection with or prior to ruling on the application, the court finds the case frivolous."  *Double Lion*, 149 Fed. Cl. at 423 (first citing *Manning v. United States*, 123 Fed. Cl. 679, 683 (2015), and then citing *Floyd v. United States*, 125 Fed. Cl. 183, 192 (2016)).

Indeed, § 1915(e)(2)(B)(i) requires the court to dismiss the case of an individual seeking IFP status "at any time if the court determines that" the suit, among other things, "is frivolous or malicious."  A suit is frivolous when it lacks an arguable basis in law or fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and it is malicious when it is duplicative because it involves the same

---

[1] The language of § 1915(a)(1) requires the submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Despite the reference to "prisoner" in § 1915(a)(1), a "number of courts . . . have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court."  *Brestle v. United States*, 139 Fed. Cl. 95, 102 n.6 (2018) (collecting cases).

events or alleges many of the same facts asserted by the plaintiff in previous litigation, *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (mem.).

## II.  DISCUSSION

### A.  Plaintiff Fails to Identify a Money-Mandating Source of Law for His Allegations Against Federal Entities, and the Court Lacks Authority Over Claims Against State or Private Entities.

The Court lacks jurisdiction over Mr. Maat El's claims because he has not identified any money-mandating source of law that creates a right to recover money damages from the United States, as required by the Tucker Act.  *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).  Moreover, the Court lacks jurisdiction over any claims based on allegations implicating individuals or entities other than the United States.

Mr. Maat El cites 28 U.S.C. § 1346(a)(1) for his allegations against the Internal Revenue Service ("IRS").  *See* ECF No. 1 at 3.  Section 1346(a)(1) grants this Court and district courts concurrent jurisdiction over cases "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."  This statutory provision does not provide jurisdiction here given that the Complaint plainly does not allege any facts pertaining to the recovery of income taxes. *Cf. Stephens v. United States*, 166 Fed. Cl. 598, 603 (2023) (dismissing case because "Plaintiff's complaint clearly alleges no such claims" about the "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected" (quoting 28 U.S.C. § 1346(a)(1))).  As noted above, Mr. Maat El appears to fault various state, federal, and private entities for declining

to recognize his sovereign-citizen identification card. Nowhere does he explain, however, how this relates to the recovery of income taxes.[2]

Mr. Maat El appears to cite several other sources of law, including the Uniform Commercial Code, *see* ECF No. 1 at 3; joint resolutions passed in the U.S. House of Representatives, *see* Pl's Ex. 1, ECF No. 1-2 at 6; and a private settlement offer, *see id.* at 12. None of these referenced materials are money-mandating sources of substantive law that would trigger this Court's jurisdiction, nor do they provide for a right to recover the damages requested in Mr. Maat El's Complaint. *See Smith*, 709 F.3d at 1116 ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."). In addition, many of Mr. Maat El's claims sound in tort or criminal law. *See* ECF No. 1 at 6 (alleging "TORT NEGLIGENCE," "WASTE," "ABUSE," and fraud). This Court lacks jurisdiction over such claims. 28 U.S.C. § 1491(a)(1) (providing jurisdiction over certain cases "not sounding in tort"); *see, e.g.*, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming dismissal because the "[Court of Federal Claims] has no jurisdiction to adjudicate any claim whatsoever under the federal criminal code"). The Court therefore has no jurisdiction over Mr. Maat El's claims to the extent that they sound in tort or criminal law.

Similarly, several entities listed in the caption are either state or private entities, including the State of New York, the State of Delaware, and the New York Presbyterian Hospital. This Court "lacks jurisdiction over claims against a state, its entities, or its employees when 'the actions

---

[2] Even assuming he alleges that the United States erroneously or illegally assessed or collected internal-revenue taxes from him, Mr. Maat El's Complaint fails to allege facts satisfying the jurisdictional prerequisites of a refund claim. Specifically, he does not allege that he (1) paid the disputed tax in full, *see Larson v. United States*, 89 Fed. Cl. 363, 383–84 (2009) (citing *Flora v. United States*, 357 U.S. 63, 72–73 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960)); and (2) first filed an administrative claim for refund with the IRS, 26 U.S.C. § 7422(a), and either received a decision on the claim or waited six months with no decision, *id.* § 6532(a)(1).

5

complained of were not taken on behalf of or as agents of the United States.'" *Lisa Richardson-Henderson Tr. v. United States*, No. 23-1896, 2024 WL 3688527, at *7 (Fed. Cl. Aug. 6, 2024) (quoting *Conner v. United States*, 407 F. App'x 428, 430 (Fed. Cir. 2011)); *see Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (dismissing claims implicating state and local officials for lack of jurisdiction). The same is true for claims against private individuals or entities. *See Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007). This is because, in the Court of Federal Claims, "the *only* proper defendant . . . is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 191 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Mr. Maat El fails to show how the alleged actions by state and private actors implicate the United States. The Court therefore has no jurisdiction over Mr. Maat El's claims against improper state or private defendants.

In sum, Mr. Maat El's Complaint must be dismissed in its entirety for lack of jurisdiction.

### B. Plaintiff's Complaint Is Frivolous.

Mr. Maat El's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous.[3] *See Double Lion*, 149 Fed. Cl. at 423. Mr. Maat El's Complaint appears to center around his view that various entities should recognize his alternative form of identification. According to his Complaint, "the parties listed" in the caption have "Completely DELETED," "ERASED," and "OMITTED" "All Financial Information Out of" their computers, have concealed such acts by forging original documents (thereby stealing his original tax returns and

---

[3] The United States Court of Appeals for the Federal Circuit, as well as judges of this Court, have characterized frivolousness as a jurisdictional defect as well. *See Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (holding that "essentially fictitious" and "obviously frivolous" claims fall outside the Court of Federal Claims' jurisdiction); *see also Lisa Richardson-Henderson Tr.*, 2024 WL 3688527, at *4–5; *Robinson*, 2024 WL 4524743, at *7; *Walby*, 957 F.3d at 1302–03.

other financial interests), and have "Refused to Return" such "Original Documents." ECF No. 1 at 9–10. The listed parties include the United States Department of the Treasury, the IRS, the Social Security Administration, the State of New York, the State of Delaware, the U.S. Attorney for the District of Delaware, a Department of Motor Vehicles (though it is not clear which one), the New York Presbyterian Hospital, and 51st Capitol, which appears to be a real estate company.

The facts in the Complaint are muddled, but Mr. Maat El appears to allege that these entities refused to recognize his Moorish sovereign-citizen identification card. *See id.* at 3 (alleging that the entities "retaliat[ed]" against him "for presenting national identification" (capitalizations omitted)). Having considered Mr. Maat El's Complaint, the Court finds these sovereign-citizen claims to be frivolous because they lack an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325.

Indeed, in context, the amount of damages claimed demonstrates frivolousness. *See Thomas v. United States*, No. 11-572C, 2012 WL 514712, at *2 (Fed. Cl. Feb. 16, 2012) (finding plaintiff's factual allegations "plainly frivolous" where they involved, among other things, "nonsensical damages"); *Akinro v. United States*, 91 Fed. Cl. 650, 658 (2010) (finding that demand for trillions of dollars "rise[s] to the level of the irrational or the wholly incredible"). For example, Mr. Maat El claims that the IRS owes him $100 million. He provides no basis for the assertion that any entity's failure to recognize his identification card caused him damages at all, let alone $100 million each in damages. Combined with the various far-fetched allegations about his identification card, this obviously fictional number further underscores the Complaint's frivolousness. Therefore, in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss this case.

### C.     Plaintiff Is Not Entitled to IFP Status.

The Complaint's frivolousness also justifies denying Mr. Maat El's request to proceed IFP. *See Double Lion*, 149 Fed. Cl. at 423.  As a separate grounds for denying IFP, the Court notes that Mr. Maat El has also filed at least a dozen other actions and appeals in federal courts in the last 16 years.  *See, e.g.*, *Ma'at El v. Cardoza*, No. 16-3767, 2017 WL 5201725 (2d Cir. May 3, 2017); *Ma'at El v. City of New York*, No. 08-795, 2008 WL 2517138 (E.D.N.Y. June 20, 2008).[4]  At least three of these suits were dismissed for being frivolous or lacking an "arguable basis in law or fact." *Neitzke*, 490 U.S. at 325; *see Ma'at El*, 2017 WL 5201725, at *1; Order Dismissing Appeal, *Martin v. Amtrak Rail Serv.*, No. 13-686 (2d Cir. April 12, 2013), ECF No. 26; *Ma'at El*, 2008 WL 2517138, at *3.  This constitutes a vexatious litigation history.  *See Straw*, 2021 WL 3440773, at *5.  Accordingly, the Court finds that Mr. Maat El is not entitled to IFP status.

### D.     The Court Grants Leave to File Mr. Maat El's Defective Submissions.

As further evidence of his history of abusive filings, Mr. Maat El has made numerous deficient submissions in this case.  Since October 25, 2024, Mr. Maat El has submitted for filing 11 documents, including:

- <u>Amended Claim 4, received October 25, 2024</u>; <u>Notice to the Court, received November 4, 2024</u>: Two documents that largely repeat the assertions in the Complaint and add some clarification.  Regarding the New York Presbyterian Hospital claim, for example, the documents suggest that the events in question involved Mr. Maat El being held at the hospital against his will.

---

[4] *See also, e.g.*, *Martin v. Amtrak Rail Serv.*, No. 13-0473, 2013 WL 550830, at *1 (E.D.N.Y. Feb. 12, 2013) (dismissing complaint and noting that as of February 2013, Plaintiff had filed eight previous cases in various federal district courts); Mem. Dec. & Order, *Martin v. VESID*, No. 13-0474 (E.D.N.Y. Feb. 5, 2013), ECF No. 4; *Ma'at El v. Bronx Criminal Court*, No. 07-2680, 2007 WL 1225628, at *1 (S.D.N.Y. Apr. 19, 2007); *Martin El v. Doe*, No. 15-6581, 2016 WL 347671, at *1 (E.D.N.Y. Jan. 28, 2016); *Martin El v. Doe*, No. 15-6581, 2016 WL 6205795, at *1 (E.D.N.Y. Oct. 24, 2016).

- <u>Notice to the Court, received November 4, 2024</u>: A document containing several exhibits, including an exempt-organization tax return form that Mr. Maat El completed on his own behalf, as well as additional characterization of this case.

- <u>Miscellaneous Document, received November 6, 2024</u>: A one-page document that contains more characterization of this case.

- <u>Waiver of the Service of Summons, received November 6, 2024</u>: Court forms completed by Mr. Maat El purporting to waive service, as well as an exhibit including Mr. Maat El's birth certificate.

- <u>Motion for Relief/Summary Judgment, received November 6, 2024</u>: A document largely repeating the assertions in the Complaint and adding more characterization of this case.

- <u>Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, received November 12, 2024</u>: A court form completed by Mr. Maat El requesting that the hospital produce all names of security officers and nurses who he claims held him against his will.

- <u>Notice to the Court, received November 12, 2024</u>; <u>Notice to the Court, received November 15, 2024</u>: Two documents containing additional factual assertions, including that Mr. Maat El's daughter was abducted by an adoption agency in 1983 and also including a copy of the same subpoena form listed above.

- <u>Notice to the Court, received November 18, 2024</u>: A document adding more characterization of this case, including assertions that Amazon, Facebook, Instagram, and a self-publishing book company owe Mr. Maat El $100 million due to copyright infringement and fraud.

- <u>Waiver of the Service of Summons, received November 19, 2024</u>: Additional court forms completed by Mr. Maat El purporting to waive service.

None of the filings are permitted by the Court's rules. Nonetheless, the Court will grant leave to file the documents, with two exceptions, as they further support the Court's determination of frivolousness. The submissions received on November 12, 2024, "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" and "Notice to the Court," should be rejected to avoid lending the imprimatur of the Court on subpoenas that were not properly issued by the Clerk and have no legal effect.

9

### III.  CONCLUSION

For the reasons set forth above, Mr. Maat El's IFP Application (ECF No. 2) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of subject-matter jurisdiction and under 28 U.S.C. § 1915(e)(2)(B)(i) for frivolousness.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.  The Clerk is directed to enter judgment accordingly.

The Clerk is directed to **FILE BY MY LEAVE** the defective documents received on October 25, November 4, November 6, November 15, November 18, and November 19, 2024.  As many of the submissions contain personally identifiable information, all the documents should be filed under seal.  To the extent any of these submissions seek relief from the Court, those requests are **DENIED AS MOOT** in light of the Court's determination that it lacks jurisdiction over Mr. Maat El's claims and must dismiss the Complaint.  The Clerk is directed to **REJECT** the defective documents received on November 12, 2024.

Considering Mr. Maat El's history of abusive filings in this case, and to conserve judicial resources, the Court will limit future filings accepted from Mr. Maat El.  The Clerk is directed to **REJECT** any future submissions by Mr. Maat El in this action unless such filings comply with the Court's rules regarding post-judgment submissions.

**SO ORDERED**.

Dated:  November 21, 2024                              */s/ Kathryn C. Davis*
                                                                           KATHRYN C. DAVIS
                                                                           Judge